UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | |
| Plaintiff(s), | Case No. 2:16-cv-00393-APG-NJK |
| vs. | |
| AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS' ASSOCIATION, et al., | ORDER |
| Defendant(s). | (Docket Nos. 57, 58, 60, 61) |

Pending before the Court are Cross-Claimant SFR Investments Pool 1, LLC's ("SFR") motion to serve Donald A. Novick by publication, Docket No. 57; motion to enlarge time to serve summons and cross-claim, Docket No. 58; motion to serve Laurene Novick by publication, Docket No. 60; and second motion to enlarge time to serve summons and cross-claim, Docket No. 61. The Court finds these motions properly resolved without oral argument. *See* LR 78-1.

A. Service by Publication

SFR seeks orders permitting it to complete service by publication on both Donald Novick and Laurene Novick, which implicates a party's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons."

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating it diligently attempted to personally serve the opposing party. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendants at their residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

The Court finds the present record insufficient to order service by publication. SFR's affidavit of due diligence indicates that its process server located the suspected address of Donald Novick and Laurene Novick. Docket Nos. 55 at 2; 56 at 2. However, SFR fails to detail the number of service attempts made at that address and, instead, states that: "All attempts to serve have been to no avail." *See, e.g.*, *id*. Without this information, the Court is unable to evaluate SFR's diligence. Accordingly, SFR's motions for leave to serve by publication, Docket Nos. 57, 60, are **DENIED** without prejudice.

B.    Extension

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed.R.Civ.P. 4(m). The Court finds good cause exists to extend the Federal Rule of Civil Procedure 4(m) deadline to September 26, 2016.

//
//
//
//
//

### C. Conclusion

For the reasons discussed more fully above, SFR's motions for an order allowing service by publication are **DENIED** without prejudice. Docket Nos. 57, 60. Further, SFR's motions to enlarge time to serve summons and cross-claim are **GRANTED**. Docket Nos. 58, 61. Accordingly, the deadline to effectuate service is hereby extended to September 26, 2016.

IT IS SO ORDERED.

DATED: July 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge