# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff<br><br>v.<br><br>AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS' ASSOCIATION, et al.,<br><br>    Defendants | Case No.: 2:16-cv-00393-APG-NJK<br><br>**Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Defendants' Motions for Summary Judgment, and (3) Setting for Further Action**<br><br>[ECF Nos. 109, 110, 112] |

    Plaintiff Bank of America, N.A. sues to determine whether a deed of trust encumbering property located at 6616 MacDoogle Street in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Auburn and Bradford at Providence Homeowners' Association (Auburn). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. Bank of America seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Auburn and Auburn's foreclosure agent, defendant Nevada Association Services, Inc. (NAS). SFR counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust. SFR also filed a declaratory relief cross-claim against the former homeowners, Donald A. Novick and Laurene Novick.

    Bank of America moves for summary judgment, arguing that it tendered the superpriority amount prior to the HOA foreclosure sale and thereby preserved the deed of trust. Auburn moves for summary judgment, arguing Bank of America's claims are untimely or barred by laches. Auburn also argues that it complied with Nevada law and there was nothing wrongful about the foreclosure. Finally, Auburn contends Bank of America failed to plead and prove

attorney's fees as special damages.  SFR moves for summary judgment, arguing Bank of America's declaratory relief claim is untimely.  In its opposition to Bank of America's motion, SFR argues that the equities weigh in its favor as a bona fide purchaser.

The parties are familiar with the facts so I do not repeat them here except where necessary.  I grant Bank of America's motion and deny SFR's motion because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust.  I dismiss as moot Bank of America's damages claims against Auburn and NAS, so I deny Auburn's motion.  Finally, I set a deadline for SFR to either move for default judgment against the Novicks or to voluntarily dismiss its cross-claim against them.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material

fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Statute of Limitations**

In its motion and opposition, SFR presents its latest iteration of its statute of limitations argument. I have considered SFR's arguments, but I decline to reconsider my position that the four-year catchall limitation period applies to Bank of America's declaratory relief claim. *See Bank of Am., N.A. v. Ladera Homeowner's Ass'n*, No. 2:16-cv-00394-APG-EJY, 2019 WL 6174310, at *2 (D. Nev. Nov. 20, 2019); *Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). Because Bank of America's complaint was brought within four years of the HOA foreclosure sale and recordation of the foreclosure deed, its declaratory relief claim is timely. *See* ECF Nos. 1; 109-9.

**B. Tender**

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Bank of America has established that it tendered the superpriority amount in full. The HOA assessment was $144 per quarter. ECF Nos. 109-6 at 9; 109-7 at 8. Prior to the HOA foreclosure sale, Bank of America tendered $432 to NAS to cover the superpriority amount of nine months of assessments. ECF No. 109-6 at 11-13. NAS refused to accept the check. *Id.* at 17-19. SFR has presented no contrary evidence in response. Consequently, no genuine dispute

remains that Bank of America tendered, the superpriority lien was extinguished, and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

In sum, Bank of America tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust.

That leaves SFR's declaratory relief claim against the former homeowners. SFR previously moved for default judgment against the Novicks, which I denied without prejudice. ECF Nos. 111; 123. SFR must now either move for default judgment or voluntarily dismiss its cross-claim against the Novicks. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions, I will dismiss the cross-claim without prejudice.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 109) is GRANTED**. The clerk of court is instructed to enter judgment in

4

favor of plaintiff Bank of America, N.A. and against defendant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on January 25, 2013 did not extinguish the deed of trust and the property located at 6616 MacDoogle Street in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s alternative damages claims against defendants Auburn and Bradford at Providence Homeowners' Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Auburn and Bradford at Providence Homeowners' Association's motion for summary judgment **(ECF No. 110) is DENIED**.

I FURTHER ORDER that defendant/cross-claimant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 112) is DENIED**.

I FURTHER ORDER that by **January 31, 2020**, SFR must either move for default judgment or voluntarily dismiss its cross-claim against cross-defendants Donald Novick and Laurene Novick. A motion for default judgment must include proof of this court's diversity jurisdiction over the cross-claim. If SFR does not take either of those actions by that date, I will dismiss the cross-claim without prejudice.

DATED this 16th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE